Evan Livingstone, SBN 252008
ATTORNEY AT LAW
740 4th St., Suite 215
Santa Rosa, CA 95404
Tel (707) 206-6570
Fax (707) 676-9112
Email: evanmlivingstone@gmail.com

Attorney for Plaintiffs JOSEPH CREAM, JR., AMANDA CREAM, CATHY CREAM and FERNANDO CARILLO

Richard A. Solomon, SBN 82923
Holly J. Nolan, SBN 140775
SOLOMON, GRINDLE, SILVERMAN & WINTRINGER
A Professional Corporation
12651 High Bluff Drive, Suite 250
San Diego, CA 92130
Tel. (858) 793-8500
Fax (858) 793-8263
Richard@sgswlaw.com
Hollyn@sgswlaw.com

Attorneys for Defendants NORTHERN LEASING SYSTEMS, INC., LEASE FINANCE GROUP, LLC, CIT FINANCIAL USA, INC., LEASE SOURCE, INC. and JAY COHEN

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Cream, Jr., Amanda Cream, Cathy Cream and Fernando Carillo<br><br>        Plaintiffs<br><br>        vs.<br><br>Northern Leasing Systems, Inc, Lease Finance Group LLC, EVO Merchant Services, LLC, EVO Payments International, LLC, Allen & Associates, Lease Source Inc., Lease Source-LSI, LLC, CIT Financial USA, Inc, Jay Cohen, Peter S Cohen, Ron G Arrington and Does 1-100<br><br>        Defendants<br>_____ | Civil Action No. 15 Civ. 6456 (LGS)<br><br>**JOINT STATUS LETTER**<br><br>Date:   September 30, 2015<br>Time:  11:00 AM<br>Ctrm.  1106<br>Judge: Lorna G. Schofield |

TO THE HONORABLE LORNA G. SCHOEFIELD, UNITED STATES DISTRICT JUDGE:

Councils for Plaintiffs JOSEPH CREAM, JR., AMANDA CREAM, CATHY CREAM and FERNANDO CARILLO and Defendants NORTHERN LEASING SYSTEMS, INC., LEASE FINANCE GROUP, LLC, CIT FINANCIAL USA, INC., LEASE SOURCE, INC. and JAY COHEN hereby submit this Joint Status Letter addressing the following questions raised by the Court in its order filed 9/9/2015, Document 44 on the Court's docket.

*1. A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;*

Plaintiffs' First Amended Complaint ("complaint") states causes of action for alleged violations of the federal racketeering statute, 18 U.S.C. §1962, the Electronic Funds Transfer Act, 15 U.S.C §1693, the Fair Debt Collection Practices Act, 15 U.S.C. §1692, Fraud, Negligent Misrepresentation, Concealment, Money Had and Received, Unjust Enrichment, California Unfair Competition Law (Business & Professions Code § 17000 et seq.) and California False Advertising Law (Business & Professions Code § 17500 et seq.).

The major factual issues to be determined are 1) whether Defendants conspired to misrepresent the value of the credit card swiping machines leased to Plaintiffs in order to induce Plaintiffs into signing contracts which were grossly inequitable; 2) whether Defendants concealed the terms of the contracts entered into between the parties by not providing Plaintiffs with copies of the contracts at the time of signing; 3) whether Defendants conspired to electronically debit from Plaintiffs' bank accounts sums of money which were not permitted by the contract.

1  Defenses asserted by Defendants include, but are not limited to, 1) Statute of Limitations;
2  2) Plaintiffs' consent to electronic debits from bank account; 3) Ratification of the underlying
3  contracts and all of obligations; 4) Clear, concise, and unambiguous contracts.

4  *2. A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue,*
5  *and a brief statement by each other party as to the presence or absence of subject matter*
6  *jurisdiction and venue. Statements shall include citations to relevant statutes.*

7  Plaintiffs allege the basis for subject matter jurisdiction based on federal causes of action
8  which include the federal racketeering statute, 18 U.S.C. §1962, the Electronic Funds Transfer
9  Act, 15 U.S.C §1693 and the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

10  Venue in the Southern District of New York is proper based on the jurisdiction clause of
11  contracts allegedly entered into by the parties which specifies that any litigation regarding the
12  contract shall be in New York.

13  *3. A brief description of any (i) motions that have been made and decided, (ii) motions*
14  *that any party seeks or intends to file, including the principal legal and other grounds in support*
15  *of and opposition to the motion, (iii) pending motions and (iv) other applications that are*
16  *expected to be made at the status conference;*

17  The only motion made to date was Defendants NORTHERN LEASING SYSTEMS,
18  INC., LEASE FINANCE GROUP, LLC, CIT FINANCIAL USA, INC., LEASE SOURCE, INC.
19  and JAY COHEN's Federal Rule of Procedure 12(b)(3) motion, which was granted by the
20  District Court of Northern California.

21  Plaintiffs seek permission from the Court to amend their Second Amended Complaint.
22  Defendants NORTHERN LEASING SYSTEMS, INC., LEASE FINANCE GROUP, LLC, CIT
23  FINANCIAL USA, INC., LEASE SOURCE, INC. and JAY COHEN's will stipulate to on
24  amendment.

1  Defendants NORTHERN LEASING SYSTEMS, INC., LEASE FINANCE GROUP,
2  LLC, CIT FINANCIAL USA, INC., LEASE SOURCE, INC. and JAY COHEN's will be filing a
3  counter claim against Plaintiffs for money they allege is due them under the terms of the
4  contracts in dispute.

5  *4. A brief description of any discovery that has already taken place, and any discovery*
6  *that is likely to be admissible under the Federal Rules of Evidence and material to proof of*
7  *claims and defenses raised in the pleadings. (This is narrower than the general scope of*
8  *discovery stated in Rule 26(b)(1));*

9  No discovery has been conducted to date, neither have the parties made Rule 26
10 disclosures.

11 *5. A computation of each category of damages claimed, see Fed. R. Civ. P.*
12 *26(a)(1)(A)(iii);*

13  a)  For restitution and/or disgorgement of all revenues, earnings, profits,
14 compensation, and benefits which may have been obtained by Defendants: in the amount of
15 $71,051;

16  b)  For a statutory penalty of $1,000 for each unlawful violation of the Electronic
17 Funds Transfer Act and the Fair Debt Collection Practices Act in an approximate amount of
18 $220,000;

19  c)  For an award of special, compensatory, punitive, and/or treble damages to
20 Plaintiffs in an amount not less than $100,000 and in such amount as may be determined after
21 discovery and trial;

22  d)  For costs of suit incurred herein;

23  e)  For reasonable attorney's fees as allowed by statute;

24

Counter-Claim for:

    i)      Dismissing each cause of action asserted with prejudice;

    ii)     Money damages against each Defendant for a sum in excess of $75,000.00, plus interest;

    iii)    Fees and costs incurred.

*6. A statement of procedural posture and upcoming deadlines;*

This case was filed in the United States District Court for the Northern District of California. Defendants NORTHERN LEASING SYSTEMS, INC., LEASE FINANCE GROUP, LLC, CIT FINANCIAL USA, INC., LEASE SOURCE, INC. and JAY COHEN appeared in this case by filing a Motion for Dismissal and/or Change of Venue. Said motion was granted by the District Court in Northern California. The parties who have appeared stipulated to transfer of venue to the Southern District of New York.  Defendants NORTHERN LEASING SYSTEMS, INC., LEASE FINANCE GROUP, LLC, CIT FINANCIAL USA, INC., LEASE SOURCE, INC. and JAY COHEN have not filed an answer to Plaintiffs' First Amended Complaint.

Plaintiffs seek leave of the Court to amend their Complaint a second time, before the Defendants who have appeared are compelled to file an answer. The Defendants who have appeared stipulate to Plaintiff's filing an amended complaint.

In addition, please note that Plaintiffs have not yet served defendants EVO Merchant Services, LLC and EVO Payments International, LLC. The reason plaintiff did not follow through on serving these defendants was that there was a pending motion to transfer venue which Plaintiffs counsel felt would be more economical to resolve prior to serving these defendants. Plaintiffs anticipate serving these two defendants as soon as a Second Amended Complaint is filed.

1   Finally there is one more Defendant Allen & Associates who have been served, but have
2   not filed an answer. The reason they have not filed an answer is that Plaintiffs have discussed a
3   settlement with Defendant Allen & Associates. However Allen & Associates is a bill collector
4   for Defendants EVO Merchant Services, LLC and EVO Payments International, LLC and
5   Plaintiffs cannot settle with Allen & Associates without including EVO Merchant Services, LLC
6   and EVO Payments International, LLC in the settlement.

7   *7. A statement describing the status of any settlement discussions and whether the parties*
8   *would like a settlement conference; and*

9   Plaintiffs and the defendants who have appeared in this case have discussed settlement of
10  this case. Currently the parties are only $8,500 apart in their settlement negotiations. A
11  settlement conference would be helpful to resolving this case.

12  *8. Any other information that the parties believe may assist this Court in resolving the*
13  *action.*

14  <u>Request to Continue Pre-Trial Conference scheduled for September 30, 2015</u>

15  Counsel for Defendants respectfully requests to continue the hearing at the above date
16  and time to allow counsel to submit their Motion to Appear Pro Hac Vice in the above matter.
17  Counsel for Plaintiffs has no objection to this request.

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///

<u>Request to Appear Telephonically</u>

Counsels for both Plaintiffs and Defendants respectfully request to appear telephonically at the pre-trial conference set before this Court on September 30, 2015, at 11:00 a.m., and at any subsequently scheduled pre-trial conferences for the following reasons: Parties are not within the metropolitan tri-state area.

| | |
|---|---|
| September 29, 2015 | <u>/s/Evan Livingstone</u><br>Counsel for Plaintiffs<br>Joseph Cream, Jr., Amanda Cream,<br>Cathy Cream and Fernando Carillo |
| September 29, 2015 | SOLOMON, GRINDLE, SILVERMAN &<br>WINTRINGER<br><br>by <u>/s/Richard A. Solomon</u><br>Attorneys for Defendants NORTHERN LEASING SYSTEMS, INC., LEASE FINANCE GROUP, LLC, CIT FINANCIAL USA, INC., LEASE SOURCE, INC. and JAY COHEN |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/09/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
JOSEPH CREAM, JR., *et al.*,                                   :
                                        Plaintiff,             :
                                                               :         15 Civ. 6456 (LGS)
                -against-                                      :
                                                               :         <u>ORDER</u>
NORTHERN LEASING SYSTEMS INC., *et al.*,                       :
                                        Defendant.             :
                                                               :
-------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Whereas this case has been assigned to me for all purposes, it is hereby,

ORDERED that counsel review and comply with the Court's Individual Rules and Procedures ("Individual Rules") (available at the Court's website, http://nysd.uscourts.gov/judge/Schofield).

ORDERED that counsel for all parties shall appear for a status conference with the Court at the time and place listed below. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel. Any open legal issues can be addressed at the conference.

ORDERED that counsel for all parties file on ECF a joint letter with the Court no later than **September 28, 2015** (parties who are not within the metropolitan tri-state area may appear by telephone by calling chambers at (212) 805-0288 at the appointed time). The parties shall append the most recent scheduling order to the status letter. The status letter should not exceed 5 pages, and should provide the following information in separate paragraphs:

1. A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

2. A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall comply with the Court's Individual Rule IV.A.3;

3. A brief description of any (i) motions that have been made and decided, (ii) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (iii) pending motions and (iv) other applications that are expected to be made at the status conference;

4. A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));

5. A computation of each category of damages claimed, *see* Fed. R. Civ. P. 26(a)(1)(A)(iii);

6. A statement of procedural posture and upcoming deadlines;

7. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

8. Any other information that the parties believe may assist this Court in resolving the action.

Unless notified otherwise by the Court, the parties should presume that any Scheduling Order or Case Management Plan remains in effect notwithstanding the case's transfer. Any request for an extension or adjournment shall be made by letter as provided in Individual Rules I.B.2 and must be received at least 48 hours before the deadline or conference.

**DATE AND PLACE OF CONFERENCE**: **September 30, 2015 at 11:00 a.m.**, in **Courtroom 1106** of the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse at **40 Foley Square**, New York, New York.

SO ORDERED.

Dated: September 9, 2015
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

3